IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

Canton Port Services, LLC                    *
3800 Newgate Avenue, Suite 2
Baltimore, Maryland 21224                    *        Civil Action No.

     Plaintiff,                          *

     v.                                  *

M/V SNOW BIRD, her engines, tackle and       *
 apparel, IMO No. 7726744,
                                             *

     Defendant *in rem.*
                                             *
     and
                                             *
Vespucci Marine Company, Ltd.,
                                             *

  *    *    *    *    *    *    *    *    *    *    *    *

**VERIFIED COMPLAINT IN REM
WITH REQUEST FOR WARRANT OF ARREST
AND WRIT OF MARITIME ATTACHMENT**

Canton Port Services, LLC, pursuant to Supplemental Rules B and C, hereby files this

Complaint against the M/V SNOW BIRD ("Vessel") and in further support of this Complaint

allege as follows:

**JURISDICTION**

1.      This is a case of admiralty jurisdiction, 28 U.S.C. § 1333, as hereinafter more

fully appears.  This is an admiralty or maritime claim within the meaning of Federal Rule of

Civil Procedure Rule 9(h) and is brought pursuant to Rules B and C of the Supplemental Rules

for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2.      Venue is proper in this Court because the Vessel is within this District and

Division.  Vespucci is not found within this District within the meaning of Supplemental Rule B.

## PARTIES AND FACTS

3.      At all material times, intervening plaintiff Canton Port Services, LLC was, and is now, a limited liability corporation duly organized and operating under the laws of Maryland.

4.      The Vessel is a formerly Panamanian-registered and flagged general cargo vessel[1] Vespucci owns the Vessel and is a Panamanian corporation..

## Count I

## In Rem Against the Vessel Supplemental Rule C

5.      Canton repeats and re-alleges the foregoing paragraphs.

6.      Canton is a stevedoring company that leases from CNX Marine Terminal, Inc. the pier at which the Vessel is berthed from CNX Marine Terminal, Inc. for the purpose of providing temporary dockage to vessels for the loading and discharge of cargo.

7.      The Vessel has been berthed at the subject pier since April 2008.   On April 17, 2009, the Court (in Civil Action No. 08-1077) entered a Consent Judgment in the amount of $100,000 against Vespucci Marine Company, Ltd. ("Vespucci") as owner of the Vessel, and other defendants, as the result of a Settlement Agreement between Canton and Vespucci (both in Exhibit A hereto).  Vespucci and Canton, and the other defendants party to the Consent Judgment, through the settlement agreement and consent judgment, agreed that:

> 5.      Vespucci, Didco, Friendship, Nova Scotia and Singh consent and agree that by accepting this Consent Judgment, Canton waives no rights, including, its right to proceed against the Vessel *in rem* for all amounts due Canton.

> 6.      Canton possesses a maritime lien in rem against the Vessel in the full amount of this Judgment.  Vespucci, Didco, Friendship, Nova Scotia and

---

[1]  The Vessel's registry expired August 28, 2008, and remains expired.

Singh agree that they will permit no further maritime liens or claims of any sort to arise against the Vessel, that they will not pledge the credit of the Vessel until the full payment to Canton of the amount of this Consent Judgment, and they shall be jointly and severally liable for all amounts accruing against the Vessel which nevertheless have arisen prior to or after the date of this Consent Judgment.

The Settlement Agreement (para. 4 ( c ) ) specifically provided, that "[f]or each day that the Vessel remains at Canton's facilities beginning April 18, 2009, the Vespucci Parties agree that they owe Canton USD 1,000 (One Thousand Dollars).

       8.     As of the present date, Canton holds a maritime lien against the Vessel in at least the following amounts, with dockage and wharfage fees continuing to run at the agreed, $1,000 daily rate:

| | | |
|---|---|---|
| Agreed Attorneys Fees and Costs, Consent Judgment | | $20,000.00 |
| Agreed amount due, as of April 17, 2009 | | $62,455.01 |
| Accrued Wharfage from April 17, 2009, @ $1,000/day, Agreed Rate | 17-Apr-2009 | $154,000.00 |
| Canton Invoices | | |
| Security Charges/Escort Fee | 10-Aug-2009 | $115.50 |
| Security Charges/Escort Fee - June, 2009 | 06-Jul-2009 | $218.90 |
| Moving Vessel - linehandling, tugs | 29-Jun-2009 | $5,500.00 |
| Security Charges/Escort Fee - May, 2009 | 11-Jun-2009 | $128.85 |
| Security Charges/Escort Fee - April, 2009 | 11-May-2009 | $402.05 |
| Security Charges/Escort Fee - March, 2009 | 03-Apr-2009 | $291.50 |
| Security Charges/Escort Fee - February, 2009 | 17-Mar-2009 | $268.95 |

| | | |
|---|---|---|
| Security Charges/Escort Fee - December/January, 2008-2009 | 09-Feb-2009 | $737.00 |
| Terminal Security Fee Attorneys Feees and Costs, Per Tariff, to sale of vessel or other payment of all Canton charges, Costs of Arrest, Marshal's Fees (est) | 02-Feb-2009 | $500.00 $15,000.00 |

**Total**                              **$259,617.76**

9.    Canton has suffered damages, holds a maritime lien against the Vessel in the amounts set out immediately above, and respectfully request that this Court enter judgment in its favor against the Vessel *in rem* for this amount, as set out below.

**Count II**

**Quasi In Rem Against Vespucci - Supplemental Rule B**

10.    Canton repeats and re-alleges the foregoing paragraphs.

11.    Through the Consent Judgment, Settlement Agreement, and independent contractual agreements with Canton, Vespucci has breached its contracts with Canton.  Canton has suffered damages in the amount demanded below.

12.    Canton seeks issue of process of maritime attachment so that it may obtain security for its claims. No security for Canton's claims has been posted by Vespucci or anyone acting on its behalf to date.

13.    Vespucci cannot be found within this district within the meaning of RuleB of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"), but are believed to have, or will have during the pendency of this action,

property in this jurisdiction, including the Vessel.

14.     Canton therefore respectfully requests the Court to issue a writ of maritime

attachment and garnishment pursuant to Supplemental Rule B, as set out below, entering

judgment against Vespucci as also set out below.

## DEMANDS FOR RELIEF

WHEREFORE, Canton respectfully demands relief as follows:

**(A)     Count I (in rem against the Vessel)**:

> (1)     That this Court enter judgment against the Vessel, *in rem*, ordering that Canton's claims of at least $259,617.76, plus, $1,000 per day wharfage and dockage fees, plus all costs of arrest and of this action, be paid from the proceeds of the sale of the Vessel;

> (2)     That process in due form of law issue against the Vessel, pursuant to Supplemental Rule C, citing any claimant to the Vessel to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

> (3)     That the Vessel, its engines, tackle, freights, and apparel be sold in the arrest pursuant to Supplemental Rule C to the extent of the amount of Canton's total claims, at the time of the sale;

**(B)     Count II (quasi in rem against Vespucci)**:

> (1)     That this Court enter judgment against the Vespucci, ordering that Canton's claims of at least $259,617.76, plus, $1,000 per day wharfage and dockage fees, plus all costs of arrest and of this action, be paid from the proceeds of the sale of the Vessel and by Vespucci, jointly and severally;

> (2)     That since Vespucci cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of their tangible or intangible property or any other funds held by any garnishee, which are due and owing to Vespucci up to the amount of at least the amount demanded herein to secure Canton's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

( C)    That Canton may have such other, further and different relief as may be just and

proper.

Dated: September 18, 2009.

/s/ J. Stephen Simms
J. Stephen Simms (#4269)
John T. Ward
Simms Showers LLP
Suite 702
Twenty South Charles Street
Baltimore, Maryland 21201
Telephone: (410) 783-5795
Facsimile: (410) 510-1789

Canton Port Services, LLC

## VERIFICATION

Rex Wheeler certifies as follows:

1.    I am over 18 years old and competent to make this affidavit.

2.    I am President of the plaintiff, Canton Port Services, LLC

3.    I have read the foregoing Verified Complaint and confirm that the facts it sets out

are true.

I hereby certify pursuant to 28 U.S.C. § 1746 and under penalties of perjury that the foregoing is true, to the best of my information and belief.

Executed on September 18, 2009.

/s/ Rex Wheeler
Rex Wheeer

## VERIFICATION - RULE B ALLEGATIONS

J. Stephen Simms certifies as follows:

1.      I am over 18 years old and competent to make this affidavit.

2.      I am counsel to plaintiff, Canton Port Services, LLC

3.      I further verify that defendant Vespucci cannot be found within this District within the meaning of Supplemental Rule B.   I state that on behalf of plaintiff, an electronic records search for defendant was completed in the records of the Maryland State Department of Assessments and Taxation, finding no resident agent or corporate registration for defendants in Maryland, and that according to Directory Assistance there is no telephone listing for defendant within any area code in this District..

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on September 18, 2009.

/s/ J. Stephen Simms
J. Stephen Simms (#4269)
Simms Showers LLP
Suite 702
Twenty South Charles Street
Baltimore, Maryland 21201
Telephone: 410-783-5795
Facsimile: 410-510-1789

Canton Counsel

*fax* 410 659 1350

FROM : DIDCO TRADING CO          PHONE NO. : 592252316          Apr. 16 2009 06:17PM  P02

## AGREEMENT PROVIDING FOR
## RELEASE FROM ARREST OF THE M/V SNOW BIRD

For the purposes of the release of the vessel M/V SNOW BIRD ("Vessel") from arrest in Civil Action No. 08-CV-1077, United States District Court for the District of Maryland (the "Litigation"), Vespucci Marine Company, Ltd. ("Vespucci"), Didco Trading Company Limited, Lot 1 Public Road Ruimveldt, Georgetown, Guyana, South America ("Didco"), Friendship Hotel & Restaurant Holdings Limited, Lot 1 Public Road Ruimveldt, Georgetown, Guyana, South America ("Friendship"), Nova Scotia Manufacturing Company, Lot 1 Public Road Ruimveldt, Georgetown, Guyana, South America ("Nova Scotia"), and Deonarine Singh, a citizen of Guyana and Managing Director of Vespucci, Didco, Friendship, and Nova Scotia ("Singh")(herein collectively, the "Vespucci Parties") on the one hand, and Canton Port Services LLC d/b/a Canton Terminals including any of its assignees of this Agreement or the related Consent Judgment ("Canton"), expressly and with full authority agree (herein, "Agreement") as follows:

1.    The Vespucci Parties agree to bind themselves and enter into the Consent Judgment, which is Exhibit A hereto. The Vespucci Parties fully and expressly agree that David W. Skeen is their counsel and that David W. Skeen has their full and express authority to sign on their behalf and bind them to each and every term of the Consent Judgment.

2.    Canton agrees to the Consent Judgment and fully and expressly agrees that J. Stephen Simms as its counsel has Canton's full and express authority to sign on Canton's behalf and bind Canton to each and every term of the Consent Judgment.

3.    The Vespucci Parties agree that upon the Court's entry of the Consent Judgment, Canton may register and/or enroll the Consent Judgment anywhere in the world. Canton agrees, however, that Canton will not execute upon the Consent judgment unless any one or more of the following occurs:

a.    The Vespucci Parties, or any of them, fail to wire to Canton's designated account, on or before Monday, April 20, 2009, the sum of USD 40,000 (Forty Thousand Dollars; herein the Initial Payment Amount). This Initial Payment Amount shall be paid and received as security, and not applied in satisfaction of the Consent Judgment, except as provided in paragraph 4, below;

b.    The Vespucci Parties, or any of them, do not on or before May 1, 2009 have the Vessel removed from Canton's facilities. This obligation shall not be waived or affected by any event, including but not limited to, Acts of God, weather conditions, governmental action or inaction, or any other event, action or inaction;

c.    The Vespucci Parties encumber the Vessel in any way with any obligation superior to the First Preferred Ship's Mortgage to be provided to Canton hereunder or to Canton's maritime liens against the Vessel;

# Exhibit A

Agreement Providing for the Relase from Arrest
of the M/V SNOW BIRD
April 16, 2009
page 2 of 4

     d.    The Vespucci Parties, or any of them, do not on or before May 1, 2009 re-flag the Vessel to provide for registration of the First Preferred Ship's Mortgage to be given Canton under this Agreement;

     e.    The Vespucci Parties, or any of them file or have filed against them any proceeding for insolvency, liquidation, bankruptcy or assignment for the benefit of creditors;

     f.    Vespucci sells, ~~pledges or hypothecates~~ the Vessel to any entity other than to Canton;  DS

     g.    The Vespucci Parties, or any one of them for more than three (3) days permit to be unsatisfied any claim against the Vessel; or

     h.    The Vespucci Parties, jointly and severally, do not on or before August 30, 2009 fully satisfy all amounts due under the Consent Judgment.

4.    The amounts due under the Consent Judgment and First Preferred Ship's Mortgage (described *infra*)(herein collectively, the "Amount Due") shall be satisfied as follows:

     a.    In the event that the Vespucci Parties on or before May 1, 2009 remove the Vessel from Canton's facilities, however, and there is no event which paragraph 3, *supra* sets out, Canton agrees that it will credit against the total amount then due under the Consent Judgment by applying the Initial Payment Amount, a credit for any berthing amounts due from April 18-May 1, 2008, and a credit of certain amounts due and owing as of April 17, 2009, so that the Amount Due from the Vespucci Parties to Canton will be USD 34,384 (Thirty Four Thousand, Three Hundred Eighty Four Dollars).

     b.    In the event that the Vespucci Parties do not on or before May 1, 2009 remove the Vessel from Canton's facilities, or there is an event which paragraph 3, *supra* sets out, the Amount Due shall be satisfied as follows:

         i.    The first USD 20,000 (Twenty Thousand Dollars) received by Canton shall be for the payment of Canton's attorneys fees and costs, including, for the Litigation, the preparation of this Agreement, and for the administration of the obligations of this Agreement and the Consent Judgment;

         ii.    The Amount Due received by Canton shall be for the payment of

Agreement Providing for the Relase from Arrest
of the M/V SNOW BIRD
April 16, 2009
page 3 of 4

amounts due Canton in connection with the presence of the Vessel at Canton's facilities. The Vespucci Parties agree that as of April 17, 2009, they owe Canton, jointly and severally, the sum of USD 62,455.01 (Sixty Two Thousand, Four Hundred Fifty Five Dollars and Once Cent).

iii.    For each day that the Vessel remains at Canton's facilities beginning April 18, 2009, the Vespucci Parties agree that they and the Vessel, jointly and severally owe Canton USD 1,000 (One Thousand Dollars), and that Canton holds a maritime lien in rem against the Vessel for such amounts.

iv.    The Initial Payment Amount shall be the final amount applied to satisfy the Amount Due. For example, if the total Amount Due is $60,000, the Vespucci Parties will cause $20,000 to be paid to Canton, after receipt of which Canton then shall apply the Initial Payment Amount to satisfy the total $60,000 Amount Due.

5.    Upon the date of the departure of the Vessel from Canton's facilities, or May 1, 2009, whichever is earlier, Vespucci shall re-flag the Vessel and enter into a First Preferred Ship's Mortgage and related Promissory Note in favor of Canton and/or Canton's assignee. All amounts necessary for Canton to register the First Preferred Ship's Mortgage with the Vessel's flag state, shall be paid by the Vespucci Parties, or if not promptly paid, added to the amount due under the mortgage and the Consent Judgment. The mortgage further shall secure all amounts due or which may be due under the Consent Judgment.

6.    Upon full satisfaction of the Consent Judgment, Canton shall within a reasonable time cause a satisfaction of the Consent Judgment to be entered in each of its courts of registration and to have the mortgage released. This obligation shall cease to be an obligation of Canton's however, upon any assignment of this Agreement and/or the Consent Judgment, and instead shall be an obligation of the assignee.

7.    A facsimile or electronic copy of this Agreement shall be sufficient to prove the contents and obligations of this Agreement, and no original shall be required including original signatures (or notarial signatures or seals). This Agreement may not be changed in any way except through a writing which all parties sign with express authority. This Agreement expressly excludes any prior oral or written agreements or understandings between or among any of the parties. The law of the State of Maryland, without regard to the drafting of this Agreement, shall control this Agreement and accompanying Consent Judgment. Canton may enforce each term of this Agreement and accompanying Consent Judgment exclusively in any court resident at Baltimore, Maryland and the Vespucci Parties, jointly and severally, submit to the exclusive personal and subject matter jurisdiction over them of such court and also agree to

3-5

R 5

Agreement Providing for the Relase from Arrest
of the M/V SNOW BIRD
April 16, 2009
page 4 of 4

exclusively submit to such Court any and all disputes arising under or related to this Agreement.
The Vespucci Parties further agree to waive any right they may have to a jury trial in the event of
any
dispute under this Agreement. This Agreement may be signed in counterparts and signatures
exchanged by electronic or other means. Duplicate originals shall be provided to each party
upon the reasonable request of any other party.

AGREED:

Vespucci Marine Company, Ltd. ("Vespucci"), Dideo Trading Company Limited, Lot 1
Public Road Ruimveldt, Georgetown, Guyana, South America ("Dideo"), Friendship Hotel
& Restaurant Holdings Limited, Lot 1 Public Road Ruimveldt, Georgetown, Guyana,
South America ("Friendship"), Nova Scotia Manufacturing Company, Lot 1 Public Road
Ruimveldt, Georgetown, Guyana, South America ("Nova Scotia"), and Deonarine Singh, a
citizen of Guyana and Managing Director of Vespucci, Dideo, Friendship, and Nova Scotia
("Singh")

By: _____    Guyana Passport No. A035874
        Deonarine Singh, a citizen of Guyana. Guyana Passport No.
        Managing Director of Vespucci, Dideo, Friendship, and Nova Scotia,
        with full, express and irrevocable authority to bind himself, Vespucci, Dideo, Friendship,
        and Nova Scotia to this Agreement and accompanying Consent Judgment

        SUBSCRIBED AND SWORN BEFORE ME, this 16th Day of April, 2009 at
Baltimore, Maryland:

        _____
        Notary Public
        My Commission Expires: _____

Canton Port Services LLC d/b/a Canton Terminals ("Canton")

4-5    R

By: _____
        Rex Wheeler, Managing Member, with full, express and irrevocable authority to bind

Rex Wheeler, Managing Member, with full, express and irrevocable authority to bind Canton to this Agreement and accompanying Consent Judgment

**SUBSCRIBED AND SWORN BEFORE ME**, this 16th Day of April, 2009 at Baltimore, Maryland:

```
_____    - - - - - -
Notary Public
My Commission Expires: _____  . _____
```

Page 1 of

Deo Singh

| | |
|---|---|
| From: | David Skeen [DSkeen@wcslaw.com] |
| Sent: | Thursday, April 16, 2009 6:48 PM |
| To: | didcokfc@guyana.net.gy; Deo Singh; Twaheel@gmail.com; didcoships@gmail.com |
| Subject: | FW: M/V SNOW BIRD |
| Attachments: | 20090416 Canton settlement agreement 4.wpd; 20090416 Canton settlement agreement 4.doc; 20090416 Canton settlement agreement 4.pdf |

Here is latest see change to Para. 3 (c) which only prohibits liens superior to Canton' s Please have it signed and faxed back as

## AGREEMENT PROVIDING FOR
## <u>RELEASE FROM ARREST OF THE M/V SNOW BIRD</u>

For the purposes of the release of the vessel M/V SNOW BIRD ("Vessel") from arrest in Civil Action No. 08-CV-1077, United States District Court for the District of Maryland (the "Litigation"), Vespucci Marine Company, Ltd. ("Vespucci"), Didco Trading Company Limited, Lot 1 Public Road Ruimveldt, Georgetown, Guyana, South America ("Didco"), Friendship Hotel & Restaurant Holdings Limited, Lot 1 Public Road Ruimveldt, Georgetown, Guyana, South America ("Friendship"), Nova Scotia Manufacturing Company, Lot 1 Public Road Ruimveldt, Georgetown, Guyana, South America ("Nova Scotia"), and Deonarine Singh, a citizen of Guyana and Managing Director of Vespucci, Didco, Friendship, and Nova Scotia ("Singh")(herein collectively, the "Vespucci Parties") on the one hand, and Canton Port Services LLC d/b/a Canton Terminals including any of its assignees of this Agreement or the related Consent Judgment ("Canton"), expressly and with full authority agree (herein, "Agreement") as follows:

1.       The Vespucci Parties agree to bind themselves and enter into the Consent Judgment, which is Exhibit A hereto. The Vespucci Parties fully and expressly agree that David W. Skeen is their counsel and that David W. Skeen has their full and express authority to sign on their behalf and bind them to each and every term of the Consent Judgment.

2.       Canton agrees to the Consent Judgment and fully and expressly agrees that J. Stephen Simms as its counsel has Canton's full and express authority to sign on Canton's behalf and bind Canton to each and every term of the Consent Judgment.

3.       The Vespucci Parties agree that upon the Court's entry of the Consent Judgment, Canton may register and/or enroll the Consent Judgment anywhere in the world. Canton agrees, however, that Canton will not execute upon the Consent judgment unless any one or more of the following occurs:

a.       The Vespucci Parties, or any of them, fail to wire to Canton's designated account, on or before Monday, April 20, 2009, the sum of USD 40,000 (Forty Thousand Dollars; herein the Initial Payment Amount). This Initial Payment Amount shall be paid and received as security, and not applied in satisfaction of the Consent Judgment, except as provided in paragraph 4, below;

b.       The Vespucci Parties, or any of them, do not on or before May 1, 2009 have the Vessel removed from Canton's facilities. This obligation shall not be waived or affected by any event, including but not limited to, Acts of God, weather conditions, governmental action or inaction, or any other event, action or inaction;

c.       The Vespucci Parties encumber the Vessel in any way with any obligation superior to the First Preferred Ship's Mortgage to be provided to Canton hereunder or to Canton's maritime liens against the Vessel;

**Agreement Providing for the Relase from Arrest**
**of the M/V SNOW BIRD**
**April 16, 2009**
**page 2 of 4**

    d.    The Vespucci Parties, or any of them, do not on or before May 1, 2009 re-flag the Vessel to provide for registration of the First Preferred Ship's Mortgage to be given Canton under this Agreement;

    e.    The Vespucci Parties, or any of them file or have filed against them any proceeding for insolvency, liquidation, bankruptcy or assignment for the benefit of creditors;

    f.    Vespucci sells, pledges or hypothecates the Vessel to any entity other than to Canton;

    g.    The Vespucci Parties, or any one of them for more than three (3) days permit to be unsatisfied any claim against the Vessel; or

    h.    The Vespucci Parties, jointly and severally, do not on or before August 30, 2009 fully satisfy all amounts due under the Consent Judgment.

4.    The amounts due under the Consent Judgment and First Preferred Ship's Mortgage (described *infra*)(herein collectively, the "Amount Due") shall be satisfied as follows:

    a.    In the event that the Vespucci Parties on or before May 1, 2009 remove the Vessel from Canton's facilities, however, and there is no event which paragraph 3, *supra* sets out, Canton agrees that it will credit against the total amount then due under the Consent Judgment by applying the Initial Payment Amount, a credit for any berthing amounts due from April 18-May 1, 2008, and a credit of certain amounts due and owing as of April 17, 2009, so that the Amount Due from the Vespucci Parties to Canton will be USD 34,384 (Thirty Four Thousand, Three Hundred Eighty Four Dollars).

    b.    In the event that the Vespucci Parties do not on or before May 1, 2009 remove the Vessel from Canton's facilities, or there is an event which paragraph 3, *supra* sets out, the Amount Due shall be satisfied as follows:

        i.    The first USD 20,000 (Twenty Thousand Dollars) received by Canton shall be for the payment of Canton's attorneys fees and costs, including, for the Litigation, the preparation of this Agreement, and for the administration of the obligations of this Agreement and the Consent Judgment;

        ii.    The Amount Due received by Canton shall be for the payment of

**Agreement Providing for the Release from Arrest**
**of the M/V SNOW BIRD**
**April 16, 2009**
**page 3 of 4**

amounts due Canton in connection with the presence of the Vessel at Canton's facilities. The Vespucci Parties agree that as of April 17, 2009, they owe Canton, jointly and severally, the sum of USD 62,455.01 (Sixty Two Thousand, Four Hundred Fifty Five Dollars and Once Cent).

iii.     For each day that the Vessel remains at Canton's facilities beginning April 18, 2009, the Vespucci Parties agree that they and the Vessel, jointly and severally owe Canton USD 1,000 (One Thousand Dollars), and that Canton holds a maritime lien in rem against the Vessel for such amounts.

iv.     The Initial Payment Amount shall be the final amount applied to satisfy the Amount Due. For example, if the total Amount Due is $60,000, the Vespucci Parties will cause $20,000 to be paid to Canton, after receipt of which Canton then shall apply the Initial Payment Amount to satisfy the total $60,000 Amount Due.

5.     Upon the date of the departure of the Vessel from Canton's facilities, or May 1, 2009, whichever is earlier, Vespucci shall re-flag the Vessel and enter into a First Preferred Ship's Mortgage and related Promissory Note in favor of Canton and/or Canton's assignee. All amounts necessary for Canton to register the First Preferred Ship's Mortgage with the Vessel's flag state, shall be paid by the Vespucci Parties, or if not promptly paid, added to the amount due under the mortgage and the Consent Judgment. The mortgage further shall secure all amounts due or which may be due under the Consent Judgment.

6.     Upon full satisfaction of the Consent Judgment, Canton shall within a reasonable time cause a satisfaction of the Consent Judgment to be entered in each of its courts of registration and to have the mortgage released. This obligation shall cease to be an obligation of Canton's however, upon any assignment of this Agreement and/or the Consent Judgment, and instead shall be an obligation of the assignee.

7.     A facsimile or electronic copy of this Agreement shall be sufficient to prove the contents and obligations of this Agreement, and no original shall be required including original signatures (or notarial signatures or seals). This Agreement may not be changed in any way except through a writing which all parties sign with express authority. This Agreement expressly excludes any prior oral or written agreements or understandings between or among any of the parties. The law of the State of Maryland, without regard to the drafting of this Agreement, shall control this Agreement and accompanying Consent Judgment. Canton may enforce each term of this Agreement and accompanying Consent Judgment exclusively in any court resident at Baltimore, Maryland and the Vespucci Parties, jointly and severally, submit to the exclusive personal and subject matter jurisdiction over them of such court and also agree to

**Agreement Providing for the Relase from Arrest**
**of the M/V SNOW BIRD**
**April 16, 2009**
**page 4 of 4**

exclusively submit to such Court any and all disputes arising under or related to this Agreement.
The Vespucci Parties further agree to waive any right they may have to a jury trial in the event of
any
dispute under this Agreement.  This Agreement may be signed in counterparts and signatures
exchanged by electronic or other means.  Duplicate originals shall be provided to each party
upon the reasonable request of any other party.

**AGREED:**

**Vespucci Marine Company, Ltd. ("Vespucci"), Didco Trading Company Limited, Lot 1**
**Public Road Ruimveldt, Georgetown, Guyana, South America ("Didco"), Friendship Hotel**
**& Restaurant Holdings Limited, Lot 1 Public Road Ruimveldt, Georgetown, Guyana,**
**South America ("Friendship"), Nova Scotia Manufacturing Company, Lot 1 Public Road**
**Ruimveldt, Georgetown, Guyana, South America ("Nova Scotia"), and Deonarine Singh, a**
**citizen of Guyana and Managing Director of Vespucci, Didco, Friendship, and Nova Scotia**
**("Singh")**

By:  _____
     Deonarine Singh, a citizen of Guyana. Guyana Passport No. _____,
     Managing Director of Vespucci, Didco, Friendship, and Nova Scotia,
     with full, express and irrevocable authority to bind himself, Vespucci, Didco, Friendship,
     and Nova Scotia to this Agreement and accompanying Consent Judgment

     **SUBSCRIBED AND SWORN BEFORE ME**, this 16th Day of April, 2009 at
Baltimore, Maryland:


          _____
          Notary Public
          My Commission Expires: _____

**Canton Port Services LLC d/b/a Canton Terminals ("Canton")**

By:  _____
     Rex Wheeler, Managing Member, with full, express and irrevocable authority to bind
     Canton  to this Agreement and accompanying Consent Judgment

     **SUBSCRIBED AND SWORN BEFORE ME**, this 16th Day of April, 2009 at
Baltimore, Maryland:


          _____
          Notary Public
          My Commission Expires: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| THE BILL LUKOWSKI STEAMSHIP AGENCY, INC., | * | |
| | * | |
| Plaintiff/intervening plaintiffs, | | Civil Action No. |
| | * | 08-1077 CCB |
| v. | | |
| | * | |
| M/V SNOW BIRD, her engines, tackle and apparel, *et al.*, | * | |
| | * | |
| Vespucci Marine Company, Ltd., | * | |
| | | |
| Didco Trading Company Limited, | * | |
| | | |
| Friendship Hotel & Restaurant Holdings Limited, | * | |
| | | |
| Nova Scotia Manufacturing Company, | * | |
| | | |
| and | * | |
| | | |
| Deonarine Singh, | * | |
| | | |
| Defendants *in rem/in personam*, | * | |
| | | |
| *    *    *    *    *    *    * | * * * * * | |

**CONSENT JUDGMENT**

Vespucci Marine Company, Ltd. ("Vespucci"), Didco Trading Company Limited, Lot 1

Public Road Ruimveldt, Georgetown, Guyana, South America ("Didco"), Friendship Hotel &

Restaurant Holdings Limited, Lot 1 Public Road Ruimveldt, Georgetown, Guyana, South

America ("Friendship"), Nova Scotia Manufacturing Company, Lot 1 Public Road Ruimveldt,

Georgetown, Guyana, South America ("Nova Scotia"), and Deonarine Singh, a citizen of Guyana

and Managing Director of Vespucci, Didco, Friendship, and Nova Scotia ("Singh") hereby

submit fully to the personal and subject matter jurisdiction of this Court over them and consent to

have judgment taken against them, jointly and severally, in the amount of One Hundred Thousand United States Dollars (USD 100,000) in favor of Intervening Plaintiff/Claimant Canton Port Services LLC d/b/a Canton Terminals ("Claims"), and further consent to the following terms of this Judgment:

1.    Vespucci, Didco, Friendship, Nova Scotia and Singh confirm that Vespucci is the sole owner of the vessel M/V SNOW BIRD, her engines, tackle and apparel, *et al.* (the "Vessel") and that there are no recorded or unrecorded mortgages or other liens against the Vessel, except for those related to the claims of Canton, including, those which this Consent Judgment confirm.

2.    Singh is the Managing Director of Vespucci, Didco, Friendship, and Nova Scotia with full and express authority to bind Didco this Consent Judgment. Singh personally, and with full and express authority on behalf of Vespucci, Didco, Friendship, and Nova Scotia, expressly has authorized the undersigned counsel for Vespucci, Didco, Friendship, Nova Scotia and Singh to enter into on their behalf and bind them irrevocably to this Consent Judgment.

3.    All amounts due through and by this Consent Judgment, and all obligations due under it, are joint and several among and between Vespucci, Didco, Friendship, Nova Scotia and Singh. Vespucci, Didco, Friendship, Nova Scotia and Singh have agreed to enter into this Consent Judgment in consideration of the agreement by Canton to dismiss this action and to release the Vessel from arrest.

4.    This Consent Judgment shall be final upon entry by the Court, and shall be without further notice to Vespucci, Didco, Friendship, Nova Scotia and Singh, subject to the laws of such countries or governmental entity, entitled to immediate registration, entry, and/or recognition by any court or any governmental entity in the world, including, but not limited to, Guyana.

-2-

Vespucci, Didco and Singh waive each and every objection to such registration, entry and/or recognition.

5.      Vespucci, Didco, Friendship, Nova Scotia and Singh consent and agree that by accepting this Consent Judgment, Canton waives no rights, including, its right to proceed against the Vessel *in rem* for all amounts due Canton.

6.      Canton possesses a maritime lien in rem against the Vessel in the full amount of this Judgment. Vespucci, Didco, Friendship, Nova Scotia and Singh agree that they will permit no further maritime liens or claims of any sort to arise against the Vessel, that they will not pledge the credit of the Vessel until the full payment to Canton of the amount of this Consent Judgment, and they shall be jointly and severally liable for all amounts accruing against the Vessel which nevertheless have arisen prior to or after the date of this Consent Judgment. This paragraph is expressly in favor of any third party claiming against the Vessel with an interest superior in priority under any law to that of Canton, and such third party independently may enforce the obligations of this paragraph.

7.      Vespucci, Didco and Singh agree to provide Canton directly or by its counsel, within five (5) days of Canton's request, with records sufficient as reasonably determined by Canton to enforce this Consent Judgment.

8.      Vespucci, Didco and Singh agree to defend and indemnify Canton and CNX Marine Terminal, Inc. ("CNX") including payment of Canton's and or CNX's chosen defense counsel, against any and all claims which may brought against Canton, its employees, officers or affiliates, in any way arising out of or related to the berthing of the Vessel at Canton's and/or CNX's facilities. This obligation to defend and indemnify expressly extends to CNX and CNX

-3-

independently may enforce the obligations of this paragraph.

9.      This Consent Judgment shall bear interest at the rate of 18% (Eighteen Percent)

per annum.  Canton, or any further assignees of this Consent Judgment, may assign this Consent

Judgment to any person or entity, with or without consideration.

10.      Upon entry of this Consent Judgment, this action shall be dismissed without

prejudice as to Canton.  Vespucci, Didco, Friendship, Nova Scotia and Singh jointly and severally

to bear the costs of this action as may be assessed by the Clerk pursuant to 28 U.S.C. § 1920 and

their own respective attorneys fees.  The scheduled United States Marshal's sale of the Vessel

hereby is canceled and the Vessel shall be released from arrest.    *This case is CLOSED.*

*CCB*
*usDJ*

**APPROVED AND SO ORDERED** this 17ᵗ Day of April, 2009.

_____
Catherine C. Blake
United States District Judge

**CONSENTED TO AND AGREED, WITH EXPRESS AUTHORITY:**

/s/ J. Stephen Simms
J. Stephen Simms (#4269)
Simms Showers LLP
20 S. Charles Street, Suite 702
Baltimore, MD 21201
Telephone: (410) 783-5795
Facsimile: (410) 510-1789

*Attorneys for Intervening Plaintiff/Claimant*
*Canton Port Services LLC*

/s/ David W. Skeen /jss with express
authority
David W. Skeen, Esquire #01084
Meighan G. Burton #28022
Wright, Constable & Skeen, LLP
One Charles Center, 16th Floor
100 N. Charles Street
Baltimore, Merlin 21201-3812
Telephone: (410) 659-1305
Facsimile: (410) 659-1350

*Attorneys for Vespucci Marine Company,*
*Ltd., Didco Trading Company Limited,*
*Friendship Hotel & Restaurant Holdings*
*Limited,, Nova Scotia Manufacturing*
*Company, and Deonarine Singh*

-4-