IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| CANTON PORT SERVICES, LLC | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 09-2452 CCB |
| M/V SNOW BIRD, her engines, tackle and apparel, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## ORDER FOR INTERLOCUTORY SALE

Plaintiff Canton Port Services LLC's motion for interlocutory sale having been considered, and it appearing that the M/V SNOW BIRD ("Vessel") was arrested on September 24, 2009 by the United States Marshal, that no security for the release of the Vessel has been posted, and that an interlocutory sale of the Vessel and her bunkers should be held on an immediate basis, that the Vessel is in the custody of the substitute custodian for the United States Marshal, that further expenses will be incurred for the maintenance and preservation of said Vessel and her bunkers while in the custody of the substitute custodian, that the Vessel is liable to deterioration, decay, or injury by being detained in custody, and that it is in the best interest of all parties that the sale of the M/V SNOW BIRD and her bunkers be made promptly in order to avoid further expenses, it is **ORDERED** as follows:

Pursuant to Supplemental Federal Admiralty Rule E(9)(b) and LAR(e)(12), the United States Marshal ("Marshal") be, and he hereby is, authorized and directed to sell the M/V SNOW BIRD, her bunkers, engines, tackle, etc., and to make all necessary preparation and arrangements

in furtherance of such sale, with sale to be held at the Garmatz Federal Courthouse, 101 W. Lombard Street, Baltimore, Maryland, at public auction for cash to the highest bidder upon the following terms, at a time and date as agreed between the United States Marshal and Plaintiff, but in any event not later than October 30, 2009:

(1) **Notice.** Notice of the sale shall be published by the Plaintiff in the *Baltimore Sun,* setting forth the date, time, place, and terms of the sale, once prior to the sale. No later than seven (7) days prior to the sale, the Plaintiffs counsel shall file with the Court a copy of the publication of sale. Notice of the sale shall also be published by the Plaintiff to a broader audience, as recommended by the retained ship broker, not to exceed a cost of $3,000.00. A ship's broker shall be retained at a fee not to exceed 2%.

(2) **Payment of Bid.** A cash deposit or cashier's or certified check expressed in U.S. Currency in an amount not less than ten percent (10%) of the bid shall be paid at the time the bid is accepted. The remaining balance of the purchase price shall be paid in cash, by certified check, or by cashier's check drawn on banks insured by the Federal Deposit Insurance Company or the Federal Savings and Loan Insurance Corporation within three (3) days after the day on which the bid was accepted unless an objection to the sale is filed within the three-day period. If an objection is so filed, the bidder is excused from paying the balance of the purchase price until three court days after the sale is confirmed.

(3) **Default.** If the successful bidder does not pay the balance of the purchase price within the time allowed, the bidder shall be in default. In such a case, the judicial officer may accept the second highest bid or arrange a new sale. The defaulting bidder's deposit shall be forfeited and applied to any additional costs incurred by the Marshal because of the default, the balance being retained in the registry of the Court awaiting its order.

(4) **Report of Sale by Marshal**. At the conclusion of the sale, the Marshal shall forthwith file a written report with the Court of the fact of sale, the date, the price obtained, the name and address of the successful bidder, and any other pertinent information. All reasonable expenses from the date of arrest for the maintenance, preservation, insurance, publications, and any other expenses necessarily incurred by the Marshal or any plaintiff for the preservation of the M/V SNOW BIRD and her bunkers pending sale, and any and all fees paid to any broker in connection with said sale, shall be deemed to be administrative expenses, shall be taxed as part of the costs of the case, and shall be a first charge and first lien, superior to all other claims, charges, costs, and liens against the M/V SNOW BIRD and her bunkers and shall be deducted from and paid out of the proceeds of said auction sale, with the balance remaining to be deposited into the registry of this Court to stand in place of the Vessel and her bunkers pending further disposition of this action.

(5) **Time and Procedure for Objection to Sale**. An interested person may object to the sale by filing a written objection with the Clerk within three (3) days following the sale, serving the objection on all parties of record, the successful bidder, and the Marshal, and depositing such sum with the Marshal as determined by him to be sufficient to pay the expense of keeping the property for at least seven (7) days. Payment to the Marshal shall be in cash, certified check, or cashier's check drawn on banks insured by the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation.

(6) **Confirmation of Sale**. A sale shall be confirmed by order of the Court within five (5) days, but no sooner than three (3) days, after the sale. If an objection to the sale has been filed pursuant to the preceding subparagraph (e) (LAR(e)(12)(e)), the Court shall hold a hearing on the confirmation of the sale. The Marshal shall transfer title to the purchaser upon the

order of the Court.

(7) **Disposition of Deposits**.

(i) **Objection Sustained**. If an objection is sustained, the United States Marshal shall immediately return the sums deposited by the successful bidder. The sum deposited by the objector will be applied to pay the fees and expenses incurred by the Marshal in keeping the property until it is resold, and any balance remaining shall be returned to the objector. The objector will be reimbursed for the expense of keeping the property from the proceeds of a subsequent sale.

(ii) **Objection Overruled**. If the objection is overruled, the sum deposited by the objector will be applied to pay the expense of keeping the property from the day the objection was filed until the day the sale is confirmed, and any balance remaining will be returned to the objector forthwith.

It is further **ORDERED**:

That Canton shall have the right to make a credit bid of its Claims against the Vessel up to the full amount of such Claims, including all expended fees, costs and interest, such amount being for Canton or any assignee of such Claims the same as if Canton or its assignee had bid cash.

SO ORDERED this 22nd day of October, 2009.

_____
Catherine C. Blake
United States District Judge